ROBERT E. SUTTON AND ANOTHER V. LOUISA CARABAJAL AND OTHERS.

A right of pre-emption cannot be acquired upon titled lands. A pre-emption claim upon such land constitutes neither title nor color of title to support the plea of the statute of limitations.

Where parties agree that the court shall determine the case on the verdict to be found on one special issue, which was to be submitted to the jury, and "on the proof generally in other respects," and the jury found for the defendant on the issue submitted, but the court rendered judgment for the plaintiff generally, it was held that the verdict, if warranted by the evidence, was decisive for the defendant on the issue found; but if not warranted by the evidence, it should have been set aside and a new trial granted upon the issue, upon which trial by jury had not been waived.

APPEAL from Nueces. Tried below before the Hon. E. J. Davis.

Suit of trespass to try title, brought by appellees against appellants to recover damages and a league of land situated in Goliad county. Petition was filed in the District Court of Goliad county. Venue changed to Nueces.

The appellees, Louisa Carabajal and others, claimed the league as heirs at law of Nicholas Carabajal. The original defendant was Joseph D. Ryan, the tenant in possession. Robert E. Sutton, his landlord, was made party defendant. The defendants set up title in Sutton to one tract, composed of two surveys—one for three hundred and twenty acres, and the other for six hundred and forty acres. He claimed the three hundred and twenty acres as his pre-emption or settlement right, and the six hundred and forty acres as the assignee of a certificate issued to the administrator of O. P. Hare. He pleaded also the three years limitation.

The plaintiffs read in evidence a translated copy of a grant from the government of the State of Coahuila and Texas, for one league of land, including the land in controversy, issued on the 9th day of March, 1829, to Nicholas Carabajal. They also introduced proof of heirship. There were other mesne conveyances not noticed by the court.

In support of the plea setting up the pre-emption claim, the

32

defendants offered proof of the settlement and improvement of the 320 acres, by Robert E. Sutton, made in 1848, and a certificate of a survey, including the improvements, dated 22d day of January, 1849. Sutton claimed that these acts vested in him a good title, under the provisions of the Act of January 22d, 1845, granting to settlers on vacant domain pre-emption privileges. This proof, on objection, was excluded by the court from the consideration of the jury.

The defendants read in evidence a certified copy from the General Land Office, of a certificate for 640 acres, issued to Felix B. Webb, the administrator of the estate of O. P. Hare, by the board of land commissioners, on the 13th day of January, 1848; also, a certified copy of a survey made on the 13th day of March, 1849. It was admitted that the certificate was valid, and that Sutton was the legal owner by regular conveyances from the administrator of Hare. It was in proof, that Sutton settled upon and made improvements on the 640 acre tract, in 1847, and continued in possession by himself and tenants until 1851.

On the 21st day of December, 1857, the jury returned the following verdict: "We, the jury, find for defendant Sutton, he having a portion of the six hundred and forty acres as a field, and having thus held continuous adverse possession of the whole tract for three years immediately preceding the institution of this suit."

Upon the return of the verdict, the following judgment was rendered: "It is, therefore, considered by the court that the plaintiff do have and recover the land sued for in this petition, and costs of suit."

A motion for a new trial was made and overruled.

On the same day the following entry was made:

"The order heretofore entered in this case is superseded, and this order to serve in lieu thereof:

"At this day, this cause being called for trial, the parties announced themselves ready for trial; whereupon plaintiffs asked judgment upon the demurrers and exceptions to defendants' answers, which demurrers and exceptions, being by the court heard, the first exception of plaintiff was sustained, and thereupon the defendants

·excepted. The other exception was overruled by the court, to which ruling the plaintiff excepted at the time.''

The parties then proceeded with the trial, and, under the suggestions of the court, agreed to submit the following special issues ·to the jury:

"It is agreed by the parties that the jury shall find the verdict on the following issue:

"1. The question for the jury is as to the possession of any part of the land in question—whether defendant, Sutton, by himself or other persons under him, had continued adverse possession of any part of the six hundred and forty acre tract claimed by him, for the three years immediately preceding the institution of this suit, the 28th of April, 1856.

"2. The court will determine the case on the verdict found on the foregoing issue, and on the proof generally in other respects.''

The jury returned a verdict for defendant, Sutton, in the same language as the former, and the court decreed a judgment for plaintiffs for the entire league sued for, and awarded a writ of possession to Goliad county. Motion for new trial overruled, and defendants appealed, and, among others, assigned the following errors:

"3. The court disregarded the verdict· of the jury ˙in giving judgment. On the pleadings and evidence, gave judgment generally for the plaintiffs, when it should have been for defendant, Sutton.

"4. The court overruled the motion for new trial, when it should have been sustained.''

*Pryor Lea*, for appellants.

*John T. McKinney*, for appellees.

WHEELER, C. J. We are of opinion that the court did not err in excluding the evidence offered to establish a right by pre-emption. A right of pre-emption could not be acquired upon titled land. The claim constituted neither title nor color of title to support the plea of the statute of limitations.

It is not material to ascertain the respective rights of the plain-

tiffs. It is not denied that some of them were entitled to maintain the action.

The defence relied on was the statute of limitations as to the six hundred and forty acre tract claimed by the defendant. Upon this defence, the parties, by agreement, submitted to the jury the issue of adverse possession by the defendant for three years next preceding the commencement of suit; and further agreed, that the court should decide the case upon the verdict upon this issue, "and on the proof generally in other respects." The finding of the jury was for the defendant; but the court, notwithstanding the verdict, gave judgment for the plaintiffs, and refused a new trial asked by the defendant, because the judgment was not in accordance with the verdict and the law of the case. It does not appear upon what ground the court disregarded the verdict. It seems that some of the plaintiffs were in possession; and having the superior title, their constructive possession would extend to all the land not embraced by the defendant's inclosure. It devolved on the defendant to make out his defence in evidence; and if the plaintiffs were shown to have been in possession before suit, it devolved on him to prove that it was not continued a sufficient length of time to prevent the completion of the statutory bar in his favor, in order to entitle him to the benefit of the statute as to any portion of the land not embraced within his inclosure. But as to the land so embraced, the verdict, if warranted by the evidence, was decisive in his favor. If the verdict was not warranted by the evidence, it should have been set aside, and a new trial granted upon the issue upon which trial by jury had not been waived. To give judgment for the plaintiffs, notwithstanding the verdict, and refuse a new trial, was to deny the defendants the right of trial by jury. Having in effect set aside the verdict, the court manifestly erred in refusing a new trial; for which the judgment must be reversed and the case remanded.

Reversed and remanded.