## The Texas Land Co. v. Fletcher Williams.

1. THE NEW RULES—THEIR AUTHORITY.—" The power to make rules and regulations " conferred upon the Supreme Court by the Constitution of 1876, for the express purpose of regulating the proceedings and expediting the business in the courts, must have designed more than the making of a few short rules of court, such as had formerly been made.

2. SAME—THEIR DESIGN.—The rules of the District Court and of the Supreme Court, lately adopted, are shaped with reference to each other, and are designed to establish a connected system of judicial procedure, from the petition filed in the District or County Court, to the final judgment in the Supreme Court or Court of Appeals.

3. SAME—PRACTICE IN SUPREME COURT.—The rules are also designed to require the parties, through their counsel, to assume the responsibility of selecting the material questions at issue, as presented in the record, and to present them by their briefs in such way as to exhibit them plainly to the court, and as will require the counsel to meet each other understandingly in the consideration and discussion of the same questions.

4. SAME—ADVANCING CASES.—This court will require a substantial compliance with rules 29, 30, 31, 36, and 40, before granting a motion to set aside a submission and to advance a case.
5. ADVANCING CASES ALREADY SUBMITTED.—Rules 56, 57, 58, and 59, providing for setting aside cases already submitted, and advancing them on the docket, discussed, illustrated, and explained.
6. BRIEFS.—The main object of the brief, as provided for under the new rules, is to get something definite—capable of being understood alike by the court and by both parties—to found an argument upon.

APPEAL from Leon county.  Tried below before the Hon. John B. Rector.

This was a motion to set aside a submission and advance the cause under the new rules.  The facts are fully set out in the opinion.

*H. D. Prendergast* and *W. M. Johnson*, for motion.

*W. D. Wood* and *A. H. Weir*, for appellee.

ROBERTS, CHIEF JUSTICE.—This is a motion by appellant to set aside the submission formerly made in this cause in this court, and advance it to a hearing, under rule 58 of the Supreme Court, lately adopted.  Service upon the attorney of the appellee having been properly made and returned into court, the motion has been submitted on the third day of the assignment, according to rule 13, Supreme Court, as required by rule 58, to enable the court to determine whether or not the brief of the appellant has been made in conformity with the rules of the Supreme Court, as required in the said rules relating to briefs, numbers 29 to 45.

It has been thought proper, in deciding this motion, to give some explanation of these rules and regulations.

The members of the Convention, in giving the Supreme Court "the power to make rules and regulations," for the express purpose of regulating the proceedings and expediting the business in the courts, must have designed more than the making of a few short rules of court, such as have formerly been made and practiced under.  In the performance of this

duty, the court has kept in view the statutes and the previous decisions of this court, and have sought to regulate the order and mode of proceeding in suits under them, so as that the points of controversy in judicial proceedings in all of the courts should be presented with distinctness and certainty, the want of which, under our present practice, produces delay, expense, and injustice in litigation, that have long been increasing from year to year, until they now amount to intolerable evils that must be remedied. The rules of the District Court and of the Supreme Court are shaped with reference to each other, and are designed to establish a connected system of judicial procedure, from the petition filed in the District or County Court, to the final judgment in the Supreme Court or in the Court of Appeals.

When the rules shall have been put in full operation and strictly enforced, as it is hoped they will be after the 1st of March of this year, in the District and County Courts, there will be much less difficulty in preparing briefs, and presenting cases on appeal in this court, than now exists in the attempt to advance cases that have been tried and brought up under the present practice; because the transcript will not then, as now, be a historical exhibition in writing of the whole of the proceedings on the trial, pleadings, evidence, charges, rulings of the court, motions, bills of exceptions, and other matters, just as they transpired in the District Court, transferred into this court for retrial upon all of the questions, however numerous, important or unimportant, material or immaterial, that were made on the trial in the District Court.

These histories, in the shape often of voluminous records, must be here critically examined and thoroughly studied, to eliminate the important questions of law and fact from the great mass of matters presented in them. When this is done, it not unfrequently happens that the court takes a different view, as to what are the material questions, from that taken in the argument (called a brief) of appellant, or in the argument of appellee; and upon examining the arguments of

each filed in the case, it is found often that they have not understood the merits of the case alike, and have not met each other in the discussion of the points at issue, as judged of by the court.

Amidst such a confusion, it is not surprising that the courts of last resort should not be able to retry promptly the cases being tried by twenty-eight district judges, and the county judges all over the State, that are brought up by appeals and writs of error.

To obviate these difficulties, and thereby prevent the consequent delay by the accumulation of business, these rules and regulations are designed to require the parties, through their counsel, to assume the responsibility of selecting the material questions at issue, as presented in the record, and to present them by their briefs in such way as to exhibit them plainly to the court, and as will require the counsel to meet each other understandingly in the consideration and discussion of the same questions.

Some elucidation of the rules, and of their adaptability in the endeavor to accomplish these objects, will be given in considering the brief of appellant, and wherein it fails to comply with the rules. And, by way of illustration, it is also proposed to show how some of the questions in his brief should be presented so as to conform to the rules, merely as the best means of causing the rules to be understood, without intimating whether they are the proper questions that should be presented or not.

The statement of the nature and result of the suit and the first two propositions in his brief are as follows, to wit:

"The Texas Land Company
             *v.*                     } Appeal from Leon county.
"Fletcher Williams.

*"Statement of the case.*

"This suit was brought by the Texas Land Company, plaintiff in error, as owner of the Grande eleven leagues of land, in trespass to try title against defendant, Fletcher Wil-

liams, a squatter on the "Grande" eleven leagues lying in Robertson and Leon counties.

"The defense relied on by the defendant was the seventeenth section of the statute of limitations.

"On the trial, we submit that the plaintiff proved title, and possession of the eleven leagues since 1850, by tenants, with payment of taxes since 1846.

"The defendant proved continuous possession since about 1848. The jury, in their verdict, gave Fletcher Williams 640 acres out of the Grande eleven leagues, and judgment was rendered for the specific land claimed by defendant in his answer by metes and bounds.

*"Brief of appellant.*

"The first assignment of errors is as follows:

"The court below erred in excluding from the jury the copy of deed from James Fortune to Ashbel Smith, as an instrument not properly authenticated for record. (See Transcript, p. 84; Hart. Dig., art. 2794, as to liberal constructions to be given to registration laws of that date; and, also, Butler v. Dunagan, 19 Tex., 565.)

"The land deed was proven up before Samuel Nelson, one of the justices of the Supreme Court of the United States, on the 15th day of September, 1845, (see Transcript, p. 90,) and recorded in Robertson county, May, 1846.

"At the request of defendant, the court instructed the jury as follows: 'One who makes entry on land by a tenant only acquires possession of the land to the extent and boundaries of the land cleared." (See Transcript, p. 62.)

"Under our third assignment of errors, we maintain the proposition that the possession of land by tenant holding under the true owner, is equivalent to the possession by the owner, and that such possession of a part is a possession of the whole tract not adversely occupied or inclosed. (Angell on Lim., secs. 395, 400, 410; Ledyard v. Brown, 27 Tex., 405. As to mixed possessions, 1 Wash., 47, 48; Sutton v. Carabajal, 26 Tex. 500.) "

This, as far as it goes, is the manner in which appellant has attempted a compliance with the rules of the Supreme Court, (29, 30, 31, and 36,) which read as follows:

" *Briefs.*

" 29. The appellant or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on, in accordance with, and confined to, the distinct specifications of error contained in his assignments of error, and such fundamental errors of law as are apparent upon the record, each ground of error being separately presented, and being numbered as the assignments of errors are numbered; and each and every one not so separately presented shall be regarded as abandoned.

" 30. The appellant or plaintiff in error, in preparing his brief, shall make a general and succinct statement of the nature and result of the suit as an introduction, which may be omitted in an agreed case under the statute, (Paschal's Dig., art. 1516,) and then each point under each one of the assignments relied on shall be stated in the shape of a proposition, unless the assignment is itself in the shape of a proposition to be maintained, and then it will be sufficient to copy the assignment.

" 31. To each one of said propositions there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. This statement must be made faithfully, in reference to the whole of that which is in the record having a bearing upon said proposition, upon the professional responsibility of the counsel who makes it, without copying the record and without intermixing with it arguments, reasons, conclusions, or inferences.

" 36. There should be annexed to each proposition, with its statement, and at the end of it, without argument or comment, a reference simply to the authorities relied on, if any, in support of it, in the following order, to wit: The statutes

and decisions of this State; the statutes and decisions of the United States, if they are applicable to the case; elementary authorities; other decisions in the American and English courts. In citing decisions, those most nearly in point should be cited first, and they should not, usually at least, be so numerous as to require a waste of time in their examination."

To show the necessity of a full compliance with, and strict adherence to, the foregoing rules, the following may be referred to in this connection:

"40. When it shall be found that the rules prescribed for the preparation of a case for submission have been fully complied with by the appellant or plaintiff in error, the court will, in its discretion, regard this brief as a proper presentation of the case, without an examination of the record as contained in the transcript, and may found its decision thereon, unless the appellee or defendant in error shall, by the time of calling of the docket on the fourth day, (during which time he shall have the custody of the transcript,) file in the Supreme Court his brief, to be there kept with the transcript, containing his objections, succinctly and definitely, to the grounds of error as presented in the propositions of appellant or plaintiff in error in his brief, taking up each of them in order, and stating such other matters contained in the record, in the mode prescribed for appellant and plaintiff in error, as may sustain his objection to each; to which may be added propositions of his own, supported by like statements of what is in the record, so as to present his view of the case, citing the proceedings in the transcript, with the pages, when practicable, to which he refers in his statements.

"41. Whatever of the statements of the appellant or plaintiff in error in his brief is not contested, will be considered as acquiesced in. To each of his said objections or propositions may be annexed his authorities, cited in the order indicated for the brief of appellant or plaintiff in error."

To have complied with these rules, the following form, or something like it, should have been observed, to wit:

The Texas Land Company  
        *v.*        } Appeal from Leon county.  
  Fletcher Williams.

*Brief of appellant.*

Statement of the nature and result of the suit. (Rule Supreme Court, 30.)

Appellant, as plaintiff below, claiming to be a company incorporated by an act of the Legislature of Texas of the 13th of August, 1870, with power to buy and sell lands, brought this suit on the 6th of October, 1874, in the ordinary form of an action of trespass to try title, against appellee, defendant below, to recover possession of the Grande eleven leagues of land situated in Robertson and Leon counties, setting out the boundaries thereof, and claiming title to and possession of the same, on the 27th of February, 1872, when defendant entered and dispossessed them, and continues to withhold it from them. (Transcript, pp. 1 to 5.)

The appellee, defendant below, presented two issues by his answer, filed at the September Term, 1875, to wit:

1st. A general denial, and plea of not guilty.

2d. A plea of the statute of limitations of ten years, in which he claims 640 acres of the land sued for, including his improvements, by right of his ten years' adverse possession, and prays for a decree quieting his title to the same. (Transcript, p. 57.)

The verdict was rendered for defendant, and that he was entitled to the 640 acres of said land, including his improvements. (Transcript, p. 62.)

The judgment was rendered according to the finding of the jury, and the county surveyor and two other persons were appointed by the court to survey and set apart to the defendant 640 acres of land out of the tract sued for, to include his improvements. (Transcript, p. 63.)

The plaintiff made a motion for a new trial, which being

overruled, he gave notice of appeal to the Supreme Court, assigned errors, and brought the case into this court by appeal. (Transcript, pp. 64, 65.)

PROPOSITIONS BY APPELLANT. (Rules Supreme Court, 30, 31, and 29.)

The first assignment of error, relating to the first issue, is as follows, to wit:

*First proposition under first assignment of error* (Rule 29).— "1st. The court below erred in excluding from the jury the deed from James Fortune to Ashbel Smith as an instrument not properly authenticated for record." (This being itself a proposition, need not be repeated.) (Transcript, p. 118; Rule Supreme Court, 30.)

*Statement under first proposition under first assignment of error* (Rule Supreme Court, 31).—Plaintiff below offered in evidence certified copies of a testimonio purporting to have been granted by the State of Coahuila and Texas on the 15th of November, 1828, for the land described in the petition, and numerous transfers of said title to said land down to plaintiff, constituting a regular chain of title from the sovereignty of the soil to the plaintiff, (Transcript, pp. 6 to 15,) with explanatory evidence relating thereto, (Transcript, pp. 65 to 73,) which muniments of title were objected to by the defendant, as shown by bills of exception in the record, (Transcript, pp. 105 to 117,) and admitted in evidence before the jury, except one of them, which is a necessary link in the chain of title, to wit, an instrument purporting to be the copy of a deed conveying the land claimed by the plaintiff from James Fortune to Ashbel Smith, in trust for John M. Lapeyre, dated 21st of July, 1845, witnessed by Jesse F. Randall, B. T. Archer, and Benjamin D. Filliman, (this word probably intended for "Sillman,") authenticated for record by the oath, in due form, of Benjamin D. Sillman in the State, city, and county of New York, in the United States of America, before Samuel Nelson, one of the justices of the Supreme Court of the United States, certified to by

said justice by subscribing thereto his name, "Samuel Nelson," without a seal thereto, or in connection therewith in any way, on the 15th of September, 1845.) (Transcript, pp. 85 to 90.)

There is no certificate of the clerk evidencing the recording of this instrument, but Ashbel Smith testified that he had this deed recorded in old Franklin, the county-seat of Robertson county, in May, 1846, and said that "I, at the time, collated the deed with the record. The copy which is now shown me, I believe, is an accurate copy of the Fortune deed to me." (Transcript, p. 98.)

Said copy being a transcript from the records of deeds in Robertson county, was offered in evidence by plaintiff as a copy of a recorded instrument, under the testimony of Ashbel Smith, and was excluded from the jury on exceptions by the defendant, to which ruling plaintiff excepted. This proceeding and ruling of the court is embraced in and part of the statement of facts, and not in a separate bill of exceptions. (Transcript, p. 99; also p. 84; Rule Supreme Court, 36; Hart. Dig., art. 2794; Butler *v.* Dunagan, 19 Tex., 565.)

The third assignment of error, which relates to the second issue, is as follows, to wit:

"3d. The court erred in giving to the jury the first, third, and fourth charges asked by the defendant to be given in this cause." (Transcript, p. 119.)

*First proposition under the third assignment* (see Rules 29, 30, 31).—The possession of land by tenant holding under the true owner, is equivalent to the possession by the owner, and that such possession of a part is a possession of the whole tract not adversely occupied or inclosed.

*Statement under first proposition under third assignment of error* (Rule 31).—The third charge of the court, to which this proposition relates, is as follows, to wit:

"3d. One who makes entry on land by a tenant only acquires possession of the land to the extent and boundaries of the land cleared." (Transcript, p. 62.)

The defendant proved that he resided on, and had a farm in cultivation upon, the tract of land sued for, continuously from 1850 to the time of the trial; that his farm and other improvements were small, being much less than 640 acres; that he never held under the plaintiffs, or those from whom they derived title, but in his own right or claim of 640 acres. (Testimony of Williams, Gardner, and Middleton, 99 to 105. See, also, Transcript, p. 67.)

The plaintiff proved that Henry G. Smith, who held the title to the Grande eleven leagues, was in 1850 put in possession of said land by the deputy marshal of the Federal Court for the District of Texas, David Ayers, and that some of the persons then residing on it received leases thereon, in which they agreed to hold said premises under said Smith as his tenants; (Transcript, pp. 73 to 79;) that Hui Lockamy and W. S. Price, two of the persons who received said leases, held possession as tenants from 1850 to 1860. (Testimony of Ashbel Smith, Transcript, p. 91; and of David Ayers, Transcript, p. 97.)

Ashbel Smith testified that some one was holding possession of parts of the eleven leagues as tenants, under this title, from 1846 to 1871. (Transcript, p. 66.) There was evidence tending to prove that the tenants held leases to particular parts of the land, including their homes. (Transcript, p. 66; Deposition of G. H. Love, Transcript, pp. 72, 73; Rule 36; Ledyard *v.* Brown, 27 Tex., 405; Sutton *v.* Carabajal, 26 Tex., 500; Angell on Limitations, 395, 400, 410; 1 Washburn, p. 478; Rule Supreme Court, 36.)

By a comparison of the two modes of exhibiting the same questions, the difference may readily be seen.

Attention may be called first to the numbering of the propositions, in reference to the assignments of error, as required in rule 29.

Then the statement of the nature and result of the suit is very different from a statement of the case, which would be

a full statement of all such important matters as are found in the record. If that were done, and then the several propositions were consecutively stated, the particular matters relating to any one of such propositions might be known to the attorney who prepared the brief, but not in like manner known to the opposite counsel, or to the court; therefore it is better that only the general nature and result of the suit should be stated as an introduction, as required in rule 30, and the matters in the record pertaining to each proposition should be stated under it, thereby giving notice to the opposite side, and to the court, of what are the matters in the record that are relied on as relating to such proposition. Thus will the court and both of the parties be brought to the consideration of the same matters in the record relating to such proposition. This is one of the leading objects of the rule 31 that has been quoted.

The matter stated under each proposition should be sufficient to show its materiality in the decision of the case; otherwise it cannot be seen that it is not a mere abstraction, that should not influence the result.

It is important that this rule should be strictly and faithfully followed, by rigidly-accurate statements of what is in the record, so that it shall as little as possible be contested by the opposite party, and thereby save the necessity of a search in the record to decide the points of difference. (See Rules 40 and 41.) It must ever be regarded as a commendable exhibition of professional ability and integrity, when it is found that these statements have been fully and faithfully made, so as to embrace all that either party can justly regard as properly pertaining to each one of the propositions presented in the brief. It is to observed, that this rule requires the statement to be made without copying the record, that is, without copying the whole of any proceeding in it when it can be abbreviated, as it generally can be, and without intermixing with it arguments, reasons, conclusions, or inferences. The proper place for each and all of

these is in the argument, provided for under rules from 48 to 52. The main object of the brief, as provided in these rules and regulations, is to get something definite—capable of being understood alike by the court and by both parties—to found an argument upon.

Rule 36 requires simply a reference to the authorities relied on at the end of each statement to a proposition, and indicates the order in which it should be done. The object of this is to enable either one or both of the parties to file briefs and arguments in their causes without personally attending the court, as our statutes evidently contemplate they shall have a right to do. And, further, it will furnish the court with the authorities when the arguments are oral only, as they may be. (Rule 48.)

The reference to the pages of the record, as required by rule 31, should be strictly observed, as an act of justice to the opposite party, as well as to aid the court in deciding the disputed points made by the parties, or to verify the statements made by them.

After this explanation of the rules, it will be unnecessary to discuss the particular defects of the appellant's brief in this case. They will be obvious when the rules are understood.

This explanation has been made, because it has been found that attorneys of good ability have been at a loss, as has been exhibited in their efforts to advance cases under them, to exactly comprehend the mode of proceeding under them, and such must be the case until they are closely examined and thoroughly studied by the bench and bar of the State. When that is done, it is believed that it will be seen that a strict observance of them will tend to reform, regulate, and perfect the system of practice in judicial proceedings that we already have, rather than, from the excessive abuse of it, to be driven to the necessity of resorting to some other system that we have not.

As was previously said, in giving a form of a brief upon a portion of the propositions contained in the appellant's brief,

it is done by way of illustration, and not to indicate any opinion now as to whether or not they are such as should or should not be made in the case.

The motion to set aside the submission, and advance the case, so as to be tried under the rules lately adopted by this court, is overruled, for non-compliance with the rules in the effort to file a brief in accordance with them. (See Rule 56.)

MOTION OVERRULED.