### T. D. VAUGHN v. G., C. & S. F. R'y Co.

#### (No. 2216.)

APPEAL from Brazos County. Opinion by WILLSON, J.

FORD & DOREMUS and HENDERSON & BUTLER, for appellant.

A. C. BRIETZ, for appellee.

§ **230.** *Brief; rules respecting.* Appellee moves to strike out appellant's briefs herein filed, because the same do not set out each assignment of error relied upon for a reversal of the judgment. Upon inspection of said briefs

we find that while the assignments of error are not set forth therein, they contain propositions made under each assignment of error relied upon, and those propositions refer by number to the particular assignment under which they are made. In our opinion, there is no rule governing briefs which requires the assignments of error to be set forth in the briefs. It is required that *propositions* relating to assignments shall be made, unless the assignments themselves are propositions. [Rules for Sup. Ct. 29 to 36 inclusive, 47 Tex. 603.] In the case of The Texas Land Company v. Williams, 48 Tex. 602, Ch. J. Roberts, to illustrate the requisites of a brief under the rules, gives a form of a proper and sufficient brief, and in this form the assignments of error relied upon are set forth. But it is not said in that decision that the failure to set forth the assignments would render the brief insufficient. In Haley v. Davidson[1] Moore, J., says: "By the rules as now framed, it (the brief) is a mere statement of the points or propositions relied upon to reverse or affirm the judgment, the matters in the record pertinent to sustain or rebut these points, and a reference to the authorities relied upon. . . . Each point presented must refer to and show under which assignment it is presented. The appellant, however, has the right to present all the errors in the record raised by his assignments; therefore, he may present as many points under each assignment as it warrants. But each point must present clearly and tersely a single proposition." In Shanks v. Carroll, 50 Tex. 17, it is said: "The brief contemplated and required by the rules should, in short, embrace nothing but the propositions — set forth clearly, distinctly and separately — relied upon for the reversal of the judgment, the matters in the record pertinent to the proper understanding of each proposition, and a citation simply of the authorities relied upon to maintain the validity or correctness of the propositions thus asserted; while all inferences and deductions, either from the authorities cited, or from mat-

[1] 48 Tex. 615.     279

ters in the record thus stated, are to be presented to the court by an oral, written or printed argument." We have examined all other decisions of our supreme court relating to briefs, and none of them require that the assignments of error shall be set forth in the brief. [McManus v. Wallis, 52 Tex. 534; Texas Banking Co. v. Hutchins, 53 Tex. 61; McCauley v. Long & Co. 61 Tex. 74; National Bank v. Lovenberg, 63 Tex. 506.] We conclude that appellant's briefs are in substantial compliance with the rules and decisions of our supreme court, and the motion of appellee is overruled.

January 22, 1887.          Motion overruled.