## J. M. GUFFEY PETROLEUM COMPANY v. W. S. NEARN.

### Decided February 2, 1907.

**1.—Garnishment—Pledgee—Liability.**

Where a garnishee has in his possession property of a debtor pledged with the garnishee by the debtor to secure the faithful performance of a contract existing between the garnishee and the debtor, and the garnishee unlawfully and without just cause declares the contract terminated and the pledged property forfeited to himself, the garnishing creditor has the same rights against the garnishee as the debtor would have and is entitled to judgment for the value of the pledged property appropriated by the garnishee.

**2.—Briefs Should be Brief.**

The growing evil of preparing lengthy briefs condemned. Briefs are intended not only to aid the Appellate Court in reaching a correct decision, but also to enable the court to dispose of the cause with the least labor and consumption of time.

Appeal from the County Court of Jefferson County. Tried below before Hon. D. P. Wheat.

*Greers & Nall* and *Carlton & Proctor,* for appellant.—In order for the plaintiff to maintain his garnishment it was incumbent upon him to show that garnishee held the 2,500 barrels of oil, or the subject matter of said contest, as the property of defendants, and that there was no condition precedent and no impediment of any sort between the garnishee's liability and the defendant's right to the property. East Line Ry. Co. v. Terry, 50 Texas, 129; Scheuber v. Simmons, 22 S. W. Rep., 72; Tombler v. Palestine Ice Company, 43 S. W. Rep., 896; Truehart v. Savings and Loan Co., 64 S. W. Rep., 1003; Medley v. American Radiator Company, 66 S. W. Rep., 86; DeWare v. Bailey, 40 S. W. Rep., 323.

If a garnishee, for any reason as between himself and the defendant, has the right to keep and hold possession of property so as to enforce some lien thereon or right thereto even though contingent, the plaintiff can not compel garnishee to surrender such possession. Mensing v. Engelke, 67 Texas, 533; Adoue v. Seeligson & Co., 54 Texas, 600; Tombler v. Ice Company, 17 Texas Civ. App., 596.

*A. D. Lipscomb,* for appellee.

GILL, CHIEF JUSTICE.—W. S. Nearn sued Alderson & Jones on a note for $500 and at the same time sued out a writ of garnishment against the J. M. Guffey Petroleum Company. The writ was sued out on August 22, 1904, and served on the following day.

On October 6, 1904, the garnishee filed an answer admitting that it owed the defendants $73. It further set up that Alderson & Jones had contracted with the company to gather the waste oil from their Batson oil field and to place the oil thus gathered into the company's tanks and pipe lines. One-half of such oil should become the property of the oil company and the other half should belong to the contractors. To secure the faithful performance of this contract by the contractors the company was authorized to hold the contractors' half of the first 5,000 barrels so saved and stored and retain possession of it or its proceeds until the termination of the contract. That 2,500 barrels had been so retained but that on August 22, 1904, the company had declared the contract forfeited for nonperformance, and exercising their right under the provisions of their contract had declared the oil to be the absolute property of the company and had so appropriated it. The answer did not specify the act or dereliction of the contractors upon which the forfeiture was based.

Under the terms of the contract it might be terminated in one of two ways: First, for failure of performance, in which event the company should appropriate the oil and give written notice that the contract relation should terminate within ten days from date of notice. Second, inasmuch as the contract fixed no date for the termination of the relations created thereby it was provided therein that either party thereto might terminate the same upon ninety days written notice to

Vol. XLV. Civil—13.

the other. With these additions the contract was in all material respects as pleaded in the answer of the garnishee.

The plaintiff Nearn filed a contest of the garnishee's answer in which it was averred that the company had declared the forfeiture without lawful cause. That therefore the 2,500 barrels of oil or its proceeds held by the company was still the property of the contractors, defendants; that the company had wrongfully appropriated it and the prayer was for a money judgment for so much of its value as was necessary to pay plaintiff's judgment and costs. The contractors were alleged to be insolvent. The plaintiff also alleged that the garnishment was invited by the general agent of the garnishee, and other facts were pleaded in connection therewith upon which the plaintiff sought to predicate an estoppel against the company to deny that the oil or its proceeds belonged to the contractors and was subject to garnishment.

A trial to a jury resulted in a verdict and judgment for plaintiff from which this appeal is prosecuted. The facts are as follows:

At the date of the trial the plaintiff had established its claim against the contractors in the suit brought by him against them.

On April 18, 1904, the company had entered into the contract pleaded by it, the other parties thereto being Alderson & Jones. These two proceeded to comply with its terms until some time in June of that year when Jones sold out to Alderson and thereafter he, with knowledge on the part of the company, continued the work under its terms and was so engaged on August 22, 1904. Of the first 5,000 barrels saved the company retained 2,500 barrels, the share of the contractors, for the purpose stated in the contract.

On the date last named plaintiff went to the office of the company and approached Hoge, its general agent, in the hope that through the company plaintiff could save his debt without litigation. Hoge advised him of the terms of the contract and told him the contractors not only had a credit but mentioned the deposit of 2,500 barrels of oil subject to the conditions imposed by the contract. As to the oil he stated that while the company would have some claim against it there would be enough to satisfy plaintiff's claim also and suggested that he see an attorney and garnish the company. Plaintiff told Hoge that the contractors had other property and that he was anxious to secure enough to satisfy his claim. Hoge gave no hint that up to that time the contractors had been guilty of any breach which would authorize a forfeiture of the 2,500 barrels of oil.

Plaintiff left the company's office and had the garnishment issued on the same day. The writ was served, as stated, on the following day. On August 22, but after the conversation between Hoge and plaintiff, Alderson came into the office, whereupon Hoge served him with written notice that his oil was forfeited to the company under the terms of the contract and that the contract was terminated. Alderson continued for some time thereafter to save the waste oil and on September 19, 1904, the company bought from him for cash the tools and machinery used by him in the work, and their business relations ceased.

It was shown by two witnesses that up to August 1 there had been no breach on the part of Alderson and the statements of Hoge and his conversation with plaintiff support the conclusion that up to the time

the forfeiture was declared there existed no just grounds therefor. Though witnesses for defendant testified in the most general way that the contractors had not complied with their contract, the only respect in which it appears that they were derelict was in the sale by Jones to Alderson and the consequent abandonment by Jones of his connection with the work. In fact, counsel for appellant insists that this sale justified the forfeiture, but to our minds it is obvious that the tacit assent of the company to the sale and its dealing with Alderson thereafter without protest eliminates that fact as a possible ground for forfeiture even if it could be held that the contract involved the element of personal service and personal trust.

We have then an unauthorized forfeiture on August 22, 1904, and acquiescence by Alderson in the termination of the contract. It is therefore clear that while under the rule announced in Medley v. American Radiator Company, 66 S. W. Rep., 86, the oil so long as it was subject to the conditions imposed by the contract was not subject to garnishment, it did become so subject immediately upon the termination of the contract without fault of the contractors. It is too plain for argument that when the company terminated the contract without lawful cause Alderson could have accepted the fact and the right in him to recover the pledged oil immediately arose. The rights of the plaintiff in garnishment, except as to the burden of proof, were identical with those of Alderson in such case. The only serious difficulty we have had in reaching the conclusion that the judgment should be affirmed was on the question of the sufficiency of the evidence to support the finding that no ground existed for the forfeiture.

The brief of appellant is unnecessarily long when the nature of the case and the questions involved are considered, and we have not found it necessary to discuss the assignments in detail. We have considered them carefully and at length and are of opinion that none of them present reversible error. The court did not submit the issue of estoppel. The judgment is affirmed.

Recurring to the lengthy brief we take this occasion to protest against this growing evil. Counsel in the preparation of briefs should take the time to be reasonably concise. Briefs are designed not only to aid the Appellate Court in reaching a correct conclusion, but to enable the court to dispose of the cause with less labor and consumption of time. The amount of work this court can accomplish depends upon the time consumed in consultation, and a conscientious court must needs read the briefs. If able counsel who prepared the briefs for appellant were the only offenders in this respect (and they do not offend often) we might have foregone these remarks, but the habit is general and growing, and the efforts of this court to dispose of the vast number of cases now on our docket are crippled by lengthy briefs which, while able and exhaustive, might well be materially reduced by a little time spent in arrangement and condensation. We hope counsel for appellant and the bar generally will take what has been said in good part and hereafter let their conscientious efforts be directed not only to aiding the court to a correct, but to a speedy conclusion.

*Affirmed.*