### HUNSAKER et al. v. ABBOTT et al. (No. 7031.)

(Court of Civil Appeals of Texas. Austin. July 2, 1926.)

**1. Appeal and error ⬉742(1).**

Brief giving (1) statement of case, (2) assignments of error, (3) general propositions of law under two groups of assignments of error, *held* not to comply with rule 30 for Courts of Civil Appeals, requiring propositions to follow statement of case, where assignments are not inserted in this part of brief, and to be germane to assignments of error or to relate to fundamental error.

**2. Appeal and error ⬉757(1).**

Proceedings in connection with former appeals having no bearing on present appeal should be confined to barest outline in statement of case, required by rule 29 for Courts of Civil Appeals to be plain and succinct, and not argumentative.

**3. Appeal and error ⬉756.**

Flyleaf list of authorities, cited in brief of over 20 pages, *held* not to comply with rule 35 for Courts of Civil Appeals, because not alphabetically arranged, and not referring to pages where they were cited.

Appeal from Dallas County Court at Law; W. N. Coombes, Judge.

Suit between P. D. Hunsaker and others and George Abbott and others. P. D. Hunsaker and others appeal. Appellants' brief stricken out, and rebriefing required.

Carden, Starling, Carden & Hemphill, and House & Wilson, all of Dallas, for appellants.

Williams & Martin, of Plainview, and Tresp & Rawlins and Eckford, Whisenant & McMahon, all of Dallas, for appellee Abbott and the motion.

McCLENDON, C. J. [1] Appellees have filed a motion to strike out appellants' brief and we have concluded that the motion should be sustained because of failure to comply with rule 30.

The brief contains 38 typewritten pages, and is prepared in the following order: (1) Statement of the nature and result of suit. (2) Assignments of error. (3) Four general propositions under assignments 1, 2, 3, 12, and 13, following by statement and argument thereunder. (4) Fourteen general propositions under the remaining assignments 4, 5, 6, 7, 8, 9, 10, 14, and 15, followed by a statement and argument.

Rule 30 requires the propositions to follow the statement of the case (where the assignments are not inserted in this part of the brief), and that these shall be germane to one or more assignments of error, or relate to fundamental error. The brief violates this rule, and the result is a number of repetitions in the propositions under the respective grouped assignments.

There are a number of other violations of the rules, to which we will call attention in order that they may be obviated in rebriefing the case.

[2] The statement of the nature and result of the suit should, in accordance with rule 29, be plain and succinct, and not argumentative. A large part of the statement is taken up in detailing proceedings in connection with former appeals in the case, which have no bearing upon the present appeal. These matters should be eliminated, or, at any rate, confined to the barest outline.

[3] Rule 35 requires that in briefs of more than 20 pages there shall be a flyleaf index, which shall contain a list of all cases and authorities referred to in the brief, alphabetically arranged, together with reference to the pages of the brief where they are cited. There is a flyleaf list of authorities, but they are not alphabetically arranged, nor do they refer to the pages in the brief where they are cited. This list is merely a copy of the authorities which are listed in bulk under the propositions under the second group of assignments. These propositions contain a variety of subjects, and we assume that the authorities are equally wide in range. This list of authorities in the body of the brief is followed with an 18-page argument in which the authorities are discussed and copiously quoted from the index, to be of any value at all, should refer to the page where the authorities are discussed. The index presented is of no service.

In connection with the propositions in the brief, we refer to the discussion in the opinion this day filed in cause No. 7026, Wright v. Maddox, 286 S. W. 607.

It is accordingly ordered that appellants' brief be stricken out, and appellants be required, on or before September 1, 1926, to rebrief the cause in accordance with the rules of court and to file four copies of such brief with the clerk of this court, and deliver one copy thereof to counsel for appellee.

Appellants' brief stricken out and rebriefing required.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes