## WRIGHT v. MADDOX. (No. 7026.)

(Court of Civil Appeals of Texas. Austin. July 2, 1926.)

**1. Appeal and error ⬯756.**

Substantial compliance of brief with rules of Courts of Civil Appeals is sufficient, where brief effectuates purpose of aiding court to reach correct decision with least labor and time, in view of rules 29, 31.

**2. Appeal and error ⬯719(1).**

Except as to fundamental error, filing of assignments of error is jurisdictional with Court of Civil Appeals.

**3. Appeal and error ⬯759.**

Assignments of error not copied verbatim into brief are waived under rules for Courts of Civil Appeals.

**4. Appeal and error ⬯742(1).**

Mere reference to assignment of error to which subjoined proposition of law relates is not a "point" within rule 30 for Courts of Civil Appeals, requiring propositions or points to be stated after statement of case, but points and "propositions" are synonymous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Point; Proposition.]

**5. Appeal and error ⬯742(1)—"Proposition" of law, which is abstraction, does not comply with rule that, after statement of case, propositions on which appeal is predicated shall be stated (rule 30, Courts of Civil Appeals).**

Abstract propositions of law do not comply with rule 30 for Courts of Civil Appeals, requiring propositions on which appeal is predicated to be stated after statement of case, since a "proposition" is a distinct ground of reversal as applied to particular case and as raised by assignment of error.

**6. Appeal and error ⬯742(1).**

Though rules for Courts of Civil Appeals do not require statement from record to be separated from argument, if separated, statement should precede argument.

Error from District Court, Dallas County; Royal R. Watkins, Judge.

Suit between G. G. Wright and Annie Maddox and others. Wright brings error. Briefs of both appellant and appellee stricken out, and rebriefing required.

John W. Pope and J. Lee Zumwalt, both of Dallas, for plaintiff in error.

Miller & Godfrey, of Dallas, for defendants in error.

McCLENDON, C. J. The parties will be designated appellant and appellee.

Appellee has objected to appellant's brief, on the ground that no assignments of error are copied therein. Appellant has filed a 21-page paper containing 32 assignments of error, and has moved that this paper be considered in connection with the brief. We might grant this motion but for the fact that upon examination of the brief we find it is not prepared in substantial compliance with the rules for briefing, and for that reason we have concluded to strike out the brief and require appellant to rebrief the case in accordance with the rules.

We will point out what we regard in appellant's brief as flagrant violations of the rules.

Appellant has filed a brief of 85 typewritten pages, which is constructed in the following manner: The first 8 pages are taken up with a statement of the nature and result of the suit. Pages 8 to 20 contain a list of what are denominated "Points and Propositions." The remainder of the brief takes up these propositions in order, and gives to each an argument, authorities, and statement from the record.

As stated above, the assignments of error are not copied anywhere in the brief.

[1] Before taking up in detail the matters to which we think attention should be called, it may not be amiss to restate at the outset that the purpose of requiring briefs on appeal is twofold—to aid the appellate court in reaching a correct decision, and to enable the court to dispose of the cause with the least labor and consumption of time. Petroleum Co. v. Nearn, 45 Tex. Civ. App. 192, 100 S. W. 967. The rules for briefing are designed to effectuate this purpose. A technical compliance has never been required, except in the matter of copying the assignments relied upon in the brief. A substantial compliance with the rules has always been held to be sufficient where the brief effectuates the purposes for which it is required. Under the rules prior to September 1, 1921, the assignments of error were immediately followed by propositions and statements. Where assignments involved the same question of law, they were permitted to be grouped in order to avoid the necessity of repetition and cross-reference. This result, however, was often not attained, and the inconvenience arising from repetition and cross-reference was sought to be eliminated in the new rules effective September 1, 1921. While these new rules have had some criticism from the courts, it is pretty generally conceded that they are less technical and permit greater latitude in several respects than did the rules which they superseded. A comparison of the old and new rules, as well as a general history of the subject of briefing in Texas, is very ably presented by Judge Stayton in the December issue, 1924, Texas Law Review, which we commend to the bar for their careful study.

Rule 29 reads:

"The opening part of the brief for the appellant or plaintiff in error shall consist of a plain and succinct statement of the nature and result of the suit, not argumentative, but constituting a concise statement of the case."

The statement of the nature and result of suit in appellant's brief does not comply with this rule. The purpose of the rule is to present at the opening of the brief a statement which is clear, nonargumentative, and concise, giving to the court at the outset what the suit is about and how it resulted in the trial court. The rule is drawn in clear and simple language, and does not, we think, require explanation.

Rule 30 reads:

"Following the statement of the case there shall be stated consecutively, separately subdivided and numbered, the propositions or points upon which the appeal is predicated. These shall be germane to one or more of the assignments of error or relate to fundamental error.

"The purpose of this rule is to enable counsel to state immediately and briefly, and without repetition, the questions in the case and to ac-quaint the court at once with the propositions presented for decision."

We copy from appellant's brief the first page immediately following the statement of the nature and result of suit:

"Points and Propositions Under Which the Appeal is Predicated.

"First Point.

"The following is submitted as germane to section four of the plaintiff in error's amended motion for new trial:

"Proposition.

"Allegations in the petition should be definite and certain, and, if not, the court should sustain a special exception thereto.

"Second Point.

"The following is submitted as germane to section 6 of the plaintiff in error's amended motion for new trial:

"Proposition.

"Allegations in the petition should be definite and certain, and, if not, the court should sustain a special exception thereto.

"Third Point.

"The following is submitted as germane to section seven of the plaintiff in error's amended motion for new trial:

"Proposition.

"Allegations in the petition should be definite and certain, and, if not, the court should sustain a special exception thereto.

"Fourth Point.

"The following is submitted as germane to section 8 of the plaintiff in error's amended motion for new trial:

"Proposition.

"Allegations in the petition should be definite and certain, and, if not, the court should sustain a special exception thereto."

Continuing for the next twelve pages, 32 "points" are presented in substantially the same language as those above quoted. Under each "point" are from 1 to 11 propositions, which are drawn in the same general language as those copied above.

[2] The requirement for assignments of error is statutory, and they form the basis of review of the trial court's ruling in all matters except those which are fundamental. Except as to fundamental error, the filing of assignments of error is jurisdictional with the Court of Civil Appeals. Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734.

[3] The old rules required the assignments to be copied verbatim into the brief, and this requirement is carried into the new rules. Under both the old and the new rules, regardless of the change of language in this regard, it is held that assignments not so copied are waived. The purpose of this requirement, we think, is to present to the appellate court only the assignments upon

which the appellant relies for reversal of the trial court's judgment.

[4] The new rules, however, make the propositions or points the basis for the brief. The two words are synonymous. While each has a variety of meanings generally, they have a very definite meaning with reference to briefing. This is clearly shown in the language of rule 30 above with the statement of its purpose. .

We do not understand the construction appellant's counsel has placed upon this rule in drawing what he denominates "points." Each of these "points" is a mere reference to the assignment of error to which the subjoined proposition or propositions relate. This reference, while held by some of the courts of civil appeals not to be mandatory, is helpful, and therefore proper, and the rule should be amended so as to require it, but to call the reference itself a point within the meaning of rule 30 is manifestly a misnomer.

[5] The four propositions quoted above are violative of rule 30 and of one of the cardinal principles of briefing. A proposition or point as used in this rule means a distinct ground of reversal as applied to the particular case in review, and as raised by one or more assignments of error.

"In each proposition should be propounded or affirmed some matter or thing done or refused to be done in the court below, embraced in the appropriate assignment of error, for which the judgment should be reversed, or sustained." Shanks v. Carrol, 50 Tex. 17; Land Co. v. Williams, 48 Tex. 602.

A mere abstraction, a term repeatedly used by the courts from the earliest decisions upon the rule requiring propositions, is not a proposition within the meaning of the rule. In order to comply with the rule, the proposition must present something tangible and not a mere abstraction or generalization affirming what is alike applicable to all cases. Texas & P. Ry. v. Middleton, 27 Tex. Civ. App. 481, 65 S. W. 378. Mere general or abstract propositions of law are matters properly embraced in the argument, but their statement, when not accompanied with an explanation of their applicability to the particular ruling complained of, furnishes no clue by which the court can be acquainted with the issues it has to determine, and is therefore not a compliance with rule 30.

The propositions quoted above, as well as practically every other proposition in the brief, violate this rule, in that they are mere abstract or general propositions or assertions of what the law is. After reading over the entire 12 pages of propositions and "points," the only impression left upon the mind is that the case must involve certain abstract questions of law, but in what way they are involved in the particular case the propositions give no intimation.

This method of presenting 32 "points" with subjoined abstract propositions, each referring in order to a particular assignment of error, results in continued repetition which rule 30 is designed to eliminate and expressly denounces. This repetition is illustrated in the propositions under the first four "points" above, which are each in identical language. The same thing is true of numerous other propositions; for example, the first proposition under each of the 11 points, numbered from 19 to 29, inclusive, reads:

"An answer of the jury to a special issue which is not supported by the testimony, but is contrary to the testimony, is insufficient upon which to base a judgment."

Numerous other instances of like repetitions appear.

This method of briefing with reference to "points" and propositions results in like repetitions and cross-references in subsequent portions of the brief containing the arguments, authorities, and statements from the record. The general result is that the brief is unduly prolix, requiring the reading over of the same thing a number of times, only to find in the end that the questions involved in the case are as obscure after a reading of the brief is concluded as they were before. Instead of being an aid to the court, this method of briefing is more of a hindrance. It would be simpler for the court to take the assignments of error and the record, and brief the case independently of appellant's brief.

[6] The new rules do not require the statement from the record to be separated from the argument, as did the old rules. We see no objection, however, to such separation, but, if this method is followed, as it was in the present case, the statement should precede the argument. This would obviate much of the unnecessary repetition with which the brief is replete.

We also call attention to a violation of that portion of rule 31 reading:

"Where the error relates to the charge of the court or special charges given or refused, the part of the charge complained of, or the special charges under discussion, shall be set out in full."

The purpose of this rule is apparent.

Appellee has filed a brief of 108 pages which follows the same order as appellant's brief. When appellant has rebriefed the case in accordance with the rules, it will necessarily require a rebriefing on the part of appellee. For this reason we think both briefs should be stricken out and rebriefing required.

It is accordingly ordered that appellant's brief be stricken out, and that appellant be required, on or before September 1, 1926, to rebrief the cause in accordance with the rules of court, and to file four copies of such brief with the clerk of this court, and deliver one copy thereof to counsel for appel-

610 SOUTH WESTERN REPORTER (Tex.

lee; that appellee's brief be stricken out, and appellee given until October 1, 1926, to file four copies of his brief in this court and deliver a copy to counsel for appellant.

Briefs of both appellant and appellee stricken out, and rebriefing required.