## NALLE et al. v. EAVES et al. (No. 1537.)*

Court of Civil Appeals of Texas. Beaumont.
May 24, 1927.

Rehearing Denied Sept. 30, 1927.

1. **Appeal and error** ⬥722(1)—Motion to reform judgment was not motion for new trial and did not constitute "independent assignment of error" (Rev. St. 1925, art. 1844).

Motion to reform judgment by ordering and decreeing that lien asserted by movants against lot in controversy was superior to liens asserted by other parties was not motion for new trial and did not constitute "independent assignment of error," under Rev. St. 1925, art. 1844.

2. **Appeal and error** ⬥719(8)—Where no assignment of errors was filed by appellants, judgment could not be reviewed unless it was fundamentally erroneous (Rev. St. 1925, art. 1844).

Under Rev. St. 1925, art. 1844, where no assignment of error was filed by appellants attacking judgment, and there was no motion for new trial filed and no independent assignments of error, court could not review judgment of trial court unless judgment was fundamentally erroneous.

3. **Courts** ⬥91(1)—Supreme Court's decision regarding reviewing judgment where there are no assignments of error is binding on Courts of Civil Appeals.

Decision of Supreme Court that, where there is no assignment of error and no motion for new trial has been filed, judgment of trial court cannot be reviewed unless judgment was fundamentally erroneous is binding upon all Courts of Civil Appeals.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted November 30, 1927.

On Motion for Rehearing.

**4. Appeal and error ⬤⟿672—Where it is necessary to search statement of facts to determine whether there is fundamental error, fundamental error is not "apparent upon face of record."**

Where it is necessary to search statement of facts in case to determine whether there is fundamental error in trial court's judgment, fundamental error is not "apparent upon face of record."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Apparent on the Face of the Record.]

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Suit by J. B. Eaves and others against Earnest Nalle and others, in which L. B. Mast and another intervened. From an order refusing to reform the judgment, defendants appeal. Affirmed.

V. E. Middlebrook, of Nacogdoches, for appellants.

J. J. Greve, of Nacogdoches, for appellees.

HIGHTOWER, C. J. This suit was filed in the district court of Nacogdoches county by J. B. Eaves, as plaintiff, against M. V. Wynne, J. P. McDonald, and Earnest Nalle, as defendants. As against defendant Wynne, Eaves sought to recover judgment on a vendor's lien note for $881.45, executed by Wynne in favor of Eaves as part consideration for a certain lot conveyed by Eaves to Wynne abutting on Hughes street, in the city of Nacogdoches, and foreclosure of the vendor's lien was also prayed.

As against defendants McDonald and Nalle, Eaves alleged, in substance, that they were claiming title to the lot involved under a certain judgment of the district court of Nacogdoches county rendered at a former term in a suit to which Eaves was in no sense a party, foreclosing a claimed paving certificate lien executed and issued by the city of Nacogdoches to J. P. McDonald, and that said judgment was a nullity and void as to plaintiff, but had the effect to cast a cloud upon the title to the lot. Plaintiff prayed that the judgment, in so far as the paving certificate lien was foreclosed, be canceled and the cloud removed.

McDonald and Nalle answered by general demurrer and general denial. They then specially averred, in substance, that the paving certificate lien, which was foreclosed by the judgment attacked by the plaintiff, was a superior lien to the vendor's lien asserted by him, setting out the facts and proceedings upon which the paving certificate lien was based, and made other averments not necessary to detail here in view of the disposition that we are required to make of this appeal.

L. B. Mast and J. R. Gray intervened in the suit, praying for judgment against both the plaintiff Eaves and the defendant Wynne on a note for $2,000, with the accrued interest thereon and attorney's fees provided for therein, which note, interveners alleged, was secured by deed of trust lien on the lot in controversy superior to the vendor's lien asserted by Eaves, and also superior to the paving certificate lien claimed by McDonald and Nalle.

The case was called for trial October 22, 1926, and was tried before the court without a jury, and judgment was rendered in favor of plaintiff Eaves against defendant Wynne for $1,156.96, being the amount of the note, principal, interest and attorney's fees sued on by the plaintiff Eaves. Judgment was also rendered in favor of the interveners Mast and Gray against Eaves and Wynne for $2,751.66, that being the amount of the principal, interest, and attorney's fees due by them on the $2,000 note sued on by Mast and Gray.

The court further held and decreed that the lien on the lot in controversy asserted by Mast and Gray was superior to the lien asserted by Eaves, and that both of these liens were superior to the paving certificate lien asserted by McDonald and Nalle. All these liens were foreclosed by the judgment and the lot ordered to be sold and the proceeds to be paid to the respective parties according to the superiority of their liens as fixed and classified by the court.

On the following day McDonald and Nalle filed and presented to the court a motion to reform the judgment by ordering and decreeing that the lien asserted by them against the lot in controversy was superior to the liens asserted by the other parties to this cause, and that their judgment against defendant Wynne be first paid out of the proceeds of the sale of the lot. The court declined to so reform the judgment and overruled the motion, to which McDonald and Nalle excepted, and from that order this appeal has been prosecuted.

[1-3] It is the contention of learned counsel for appellants McDonald and Nalle that the trial court was in error in refusing to hold that the lien asserted by them on the lot in controversy was superior to the liens asserted by the other parties to this controversy. Whether this contention is correct or not we are not authorized to determine, for the reason, as pointed out and insisted upon by counsel for appellees, there was no assignment of error filed by appellants attacking the judgment of the trial court classifying the liens of the respective parties. There was no motion for a new trial filed, and no independent assignments of error. Article 1844, Revised Statutes 1925, provides:

"Before he takes the transcript from the clerk's office the appellant or plaintiff in error

shall file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies. Where a motion for new trial has been filed, the assignments therein shall constitute the assignments of error, and need not be repeated by filing separate assignments of error. All errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of."

We repeat that there was neither formal nor independent assignments of error filed by appellants, nor did they file a motion for a new trial, the grounds of which, under the article just quoted, might be considered, when brought forward in the brief as assignments of error. The motion in this case to reform the judgment was not a motion for a new trial, nor did it constitute an independent assignment of errors, nor did appellants file any assignment of error to the order of the court overruling the motion to reform the judgment. Such being the state of the record, this court is without authority to review the judgment of the trial court in this cause, unless that judgment was fundamentally erroneous. This has been so held by the Supreme Court of this state, and is therefore binding upon all Courts of Civil Appeals. Roberson et al. v. Hughes et al (Tex. Com. App.) 231 S. W. 734; Wright v. Maddox (Tex. Civ. App.) 286 S. W. 607; Hunsaker v. Abbott (Tex. Civ. App.) 286 S. W. 610.

There being no assignment of error attacking the judgment of the trial court in this cause, and no fundamental error in the judgment apparent upon the face of the record, it has been ordered that the judgment be affirmed.

### On Motion for Rehearing.

At a former day of the present term of this court we made and entered an order affirming the judgment of the trial court in this cause and wrote a short opinion showing our reasons for affirming the judgment. As our opinion will show, we affirmed the judgment of the trial court because appellants failed to file in the trial court any formal assignment or assignments of error, or any motion for a new trial that might take the place of formal assignments of error, and because, as we held, there was no fundamental error apparent upon the face of the record. Thereafter, in due time, counsel for appellants filed in this court a lengthy motion for rehearing, in which he earnestly insists that this court was in error in its original opinion in holding that there was no motion for a new trial filed in the trial court by appellants that might take the place of formal assignments of error, and also that this court

298 S.W.—29

was in error in holding that there was no fundamental error in the trial court's judgment apparent upon the face of the record.

We have carefully considered appellants' motion for rehearing as to both grounds, and have again concluded that appellants filed no motion for a new trial in the trial court that might be considered as assignments of error, and that no character of assignments of error was filed in the trial court, and that there is no fundamental error apparent upon the face of the record. We are forced to the conclusion that what counsel for appellant now calls his motion for a new trial was nothing more than his motion to the trial court to reform the judgment that the trial court had entered in favor of appellees and to enter judgment in favor of appellants, as suggested in the motion to reform. The instrument that counsel for appellants now calls a motion for a new trial was styled or designated by him in the lower court as a "motion to reform the judgment," and it was so treated and styled and designated in the judgment of the trial court overruling that motion. It is true that counsel for appellants duly excepted to the action of the trial court in declining and refusing to reform the judgment as requested by counsel for appellants, but, as stated in our original opinion, no assignment of error of any character was filed challenging the action of the trial court in refusing to reform the judgment or to set aside the judgment that he had rendered in favor of appellees. No useful purpose would be served by going into details in this matter, for unless a mere motion to reform a judgment of the trial court or to enter a certain judgment in favor of a party litigant, if refused, can constitute or take the place of an "assignment of error," as that term is well understood in our practice, then appellants brought their record to this court without any assignments of error challenging any action of the trial court.

[4] As to appellants' contention that fundamental error in the trial court's judgment is apparent upon the face of the record in this case, we have only to say that, in order to determine whether or not that contention is true, it would be necessary to search the statement of facts in this case, and where that is true fundamental error is not apparent upon the face of the record.

We commend counsel for appellants for the energy and zeal that he has put forth in behalf of his client in the preparation of his motion for a rehearing in this cause. But, being convinced as we are that our original opinion affirming the judgment was the only course open to this court, we must overrule the motion for rehearing, and that is accordingly done.