GREGO et al. v. SCHNEIDER.

(Court of Civil Appeals of Texas. San Antonio. Feb. 26, 1913.)

1. APPEAL AND ERROR (§ 742*) — PROPOSITIONS.

A proposition in appellant's brief, in an action for the custody of a minor, that a minor above the age of 14 years may select its own guardian, and a former decree by the same court awarding the custody of the minor to one parent must yield to such selection, especially if the parent to whom the custody was awarded is shown to have been an improper person to have such custody or fails to provide the necessaries and comforts of life, was multifarious and confusing and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. DIVORCE (§ 309*)—CUSTODY OF CHILDREN.

The burden is on one claiming that fact to show that conditions have so changed since a judgment of divorce awarding the custody to one parent as to render such parent an improper custodian, requiring that custody be given to another.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 803; Dec. Dig. § 309.*]

3. PARENT AND CHILD (§ 2*)—RIGHT OF CUSTODY.

A child 14 years of age cannot at will leave its father's home and choose another person as its guardian, in the absence of essential legal proceedings in the probate court.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 4–32; Dec. Dig. § 2.*]

Appeal from District Court, Bexar County; Claude V. Birkhead, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Action by Fritz Schneider against John Grego and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Burnett & Storms, of San Antonio, for appellants. Diedrich A. Meyer, of San Antonio, for appellee.

TALIAFERRO, J. This action was by Fritz Schneider against Magdalena Schneider-Grego for the custody of Alma Schneider, a minor. Appellee and Magdalena Schneider-Grego were formerly husband and wife. They were, by the decree of the court, on October 20, 1911, divorced, and, in the separation, the custody of Alma, and the other children of the marriage, was awarded to the father, Fritz Schneider. Appellee, in this action, charges that the appellants, on June 15, 1912, without his consent and in violation of his rights, kidnapped and took from his possession the child, Alma Schneider, and wrongfully and by force held possession of her. He prayed that upon writ of habeas corpus she be brought into court and that custody of said child be restored to him. Appellants answered by exceptions and a denial that they took the child by force or persuasion, but alleged that she was more than 14 years of age; that she was entitled to choose her own guardian; and that she had voluntarily left the appellee and had chosen her mother, one of the appellants, for her guardian. The writ of habeas corpus was issued, and the court, after hearing the evidence, ordered the said Alma Schneider and also her sister, Mildred Schneider, returned to the appellee.

[1] In one proposition, under two assignments of error, appellants complain of the action of the court in the following language: "A minor above the age of 14 may select its own guardian, and a former decree by the same court awarding custody of said minor to one parent must yield to such selection when made, especially if the parent to whom custody was awarded is shown to have been cruel or derelict, or an improper person to have such custody, or fails to provide the necessaries and comforts of life to such minor." This proposition is not in such form as to enable us to consider it. It is multifarious and confusing, and not followed by a statement in compliance with the rules. However, we have carefully read and considered the evidence in the case and find that in a decree of divorce, entered by the same court in which this suit was tried, on October 20, 1911, the custody of the children in question was awarded to appellee.

[2] The evidence upon which that decree was based is not in the record, nor is the decree; but the burden of proof was upon the appellants in this case to show that conditions had so changed since the judgment of divorce as to render appellee an improper custodian of said children, or that the interests of the children demand the change. This, it seems, they failed to do to the satisfaction of the trial court. In such cases it is within the discretion of the trial court to award the custody and education of the children to either the father or the mother; it being his duty to consider only the welfare of the children in making such award. Article 4641, R. Civ. S. 1911. It does not appear from the evidence in this case that the court abused this discretion, and the judgment will not be disturbed.

[3] There is no merit in appellant's contention that the child, Alma, being 14 years old, had the right to select her own guardian, and that she had exercised that discretion in selecting Magdalena Schneider-Grego as her guardian. A child, even when it has reached the mature age of 14 years, cannot at will leave its father's home and choose another person as guardian. Certain legal preliminaries are necessary to make such a selection binding upon the father, and the original jurisdiction of such proceeding is in the probate court. No such formalities seem to have been complied with in this case, and Fritz Schneider, in contemplation of law at least, is still the custodian of the persons of the said children.

The judgment of the lower court is affirmed.