CHICAGO, R. I. & G. RY. CO. v. RUSTON.*
(No. 2069.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 31, 1923. Rehearing Denied Feb. 21, 1923.)·

1. Trial ⊜⟶260(1)—Special charge given in substance in general charge properly refused.

It is unnecessary to give a special charge which has in effect and in substance been given in the general charge.

2. Appeal and error ⊜⟶742(6)—Proposition multifarious, and not entitled to consideration.

A proposition, "Special issues Nos. 1 to 4, requested by the defendant, should have been submitted," was multifarious, and not entitled to consideration.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Action by Thomas D. Ruston against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Tatum & Strong, of Dalhart, and N. H. Lassiter, of Fort Worth, for appellant.

R. E. Stalcup, of Dalhart, and Adkins & Kimbrough, of Amarillo, for appellee.

HALL, C. J. This case and the case of Chicago, Rock Island & Gulf Railway Co. v. Neubert, 248 S. W. 139, this day decided, arose out of the same transaction.

The questions presented in both cases by the first and second propositions in each are identical.

[1] The third proposition urged in this case is that the court erred in not submitting the following special charge:

"You are instructed in considering special issue No. 1, submitted to you by the court, that false imprisonment is the willful detention of another against his consent; that is, that the detention must be knowingly and intentionally done and unlawfully done, and consists in imposing by force or threats an unlawful restraint upon a man's freedom of locomotion."

The first issue submitted was:

"Did Brice L. Rezeau falsely imprison the plaintiff, Thos. D. Ruston?"

The court's charge in connection with this issue correctly defines false imprisonment, and further charges the jury that, if they find from the evidence that the plaintiff, at the request or command of Rezeau submissively or willingly went with him and did as he said, this would not constitute false imprisonment. It is unnecessary to give a special charge which has in effect and in substance been given in the general charge.

[2] The fourth proposition is:

"Special issues Nos. 1 to 4, requested by the defendant, should have been submitted."

This proposition is multifarious, and is not entitled to consideration. We have, however, considered the issues, and have concluded that the ultimate fact presented by such issues was presented by the general charge. Issue No. 2 of the general charge is:

"Was Brice L. Rezeau acting within the general scope of his authority as agent of the defendant at the time of such false imprisonment of the plaintiff, if any?"

And by issue No. 3 the jury is asked the amount of damages sustained. Special issue No. 1 inquired whether some of the parties at the pile of cross-ties suggested going to the depot for the purpose of purchasing tickets, and, if yes, then did the plaintiff go and purchase his ticket as a result of said suggestion? Special issue No. 2 inquires if the acts and conduct of Rezeau toward plaintiff were of such a nature as were calculated to detain him, and, if yes, then could the plaintiff, by ordinary means, have relieved himself from the acts and conduct of Rezeau? Special issue No. 3 inquires whether plaintiff, at the request or command of Rezeau, submissively or willingly went to the ticket office. Special issue No. 4 inquires whether plaintiff went to the depot and purchased the ticket as a result of Rezeau's telling him that he could not ride defendant's freight train, and if he attempted to do so he would put him off and endeavor to have him prosecuted. These inquiries relate to matters of evidence rather than to the ultimate fact to be ascertained, and, if they had been submitted and answered, the answers would have been of no practical value in rendering the judgment. We think the court's charge is proper and presented as issues the necessary ultimate facts which support the judgment. We overrule the proposition that the verdict is excessive.

The judgment is affirmed.

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 4, 1923.