STANDARD ACC. INS. CO. v. WILLIAMS.
(No. 2980.)

Court of Civil Appeals of Texas. Amarillo.
March 14, 1928.

Rehearing Denied April 11, 1928.

1. Appeal and error ⬤➡742(2)—On appeal, grouping propositions relating to same error is commendable.

On appeal, practice of grouping propositions where they relate to same error is commendable.

2. Trial ⬤➡350(3)—Under evidence tending to show total and permanent incapacity, submitting to jury special issue as to whether plaintiff sustained total permanent disability held proper.

In workman's action for compensation, where there was evidence of both total and permanent incapacity, submitting to jury special issue as to whether plaintiff had sustained total permanent disability was proper.

3. Appeal and error ⬤➡719(8)—In absence of assignment of error for duplicity, special issue may not be held duplicitous on appeal.

In workman's action for compensation, special issue submitted as to whether plaintiff had sustained total permanent disability, not attacked by assignment of error as being duplicitous in joining in one issue totality and permanency of incapacity, cannot be held erroneous on such ground on appeal.

4. Appeal and error ⬤➡742(1)—Appellate court is confined to propositions based on, and germane to, assignment of error appearing in record and brought forward in brief (Rules of Court of Civil Appeals, rule 30).

Under Rules of Court of Civil Appeals, rule 30, requiring appellant to state consecutively, separately, subdivided and numbered, propositions on which appeal is predicated, and that such propositions shall be germane to assignments of error, in considering proposition urged in brief, appellate court is confined to propositions based on, and germane to, some assignment of error appearing in record and brought forward in brief.

5. Appeal and error ⬤➡742(6)—Proposition, based on failure to define "total incapacity" in special issue and to exclude clause in definition submitted not germane to any assignment of error, cannot be considered on appeal (Rules of Court of Civil Appeals, rule 30).

In action by injured workman for compensation, proposition on which appeal was based that defendant had right to have concise and correct definition of "total incapacity" used in special issue given to jury, and that failure to exclude certain clause from definition given was error not germane to any assignment of error, cannot be considered, in view of Rules of Court of Civil Appeals, rule 30.

6. Trial ⬤➡232(2)—Instruction that, if jury answered one special issue affirmatively, they need not answer following issue, held not error.

In action by workman to recover compensation for injury, instruction that, if jury answered special issue as to whether plaintiff suffered total permanent disability affirmatively, they need not answer following special issue, was not prejudicial to defendant as taking away right to have jury answer special issues independently of legal effect of their answers.

7. Constitutional law ⬤➡314—Submitting to jury special issue whether workman had suffered total permanent incapacity held not to violate due process clauses of Constitution (Bill of Rights, §§ 13, 19).

In workman's action for compensation, submitting to jury special issue as to whether he had suffered total and permanent incapacity did not violate Bill of Rights, §§ 13, 19, relating to due process of law, on ground that such issue was duplicitous and that issues of total incapacity and permanent incapacity should have been submitted separately.

8. Constitutional law ⬤➡314—Failure to eliminate from definition of total incapacity "or reduced to a negligible amount" held not to violate due process clauses of Constitution (Bill of Rights, §§ 13, 19).

In workman's action to recover compensation, refusal to exclude from definition of total incapacity given to jury expression "or reduced to a negligible amount," to which defendant objected, held not to violate due process of law provisions of Bill of Rights, §§ 13, 19.

9. Evidence ⬤➡471(13)—Permitting workman suing for compensation to testify he was unable to do anything held proper.

In workman's action to recover compensation, where injuries to left arm, hand, shoulder, and back, resulting in loss of use of arm, had been shown, and there was testimony of continued disability preventing performance of usual tasks of labor preventing his securing and retaining employment, permitting him to testify that he had earned practically nothing at all because unable to do anything, was proper as against objection that such statements were conclusion of witness, matters of opinion, and proper subject of expert testimony.

**10. Trial ⚖➡28(3)—Jurors' examination of injuries is permitted in personal injury cases.**

In personal injury cases, jurors' examination of injuries is permitted.

**11. Trial ⚖➡28(3)—Permitting juror to examine arm of plaintiff suing for compensation held not error, in view of admonition.**

In workman's action to recover compensation, permitting jury on request to examine plaintiff's injured arm, if error, was not injurious, in view of admonition to jurors not to discuss or allude to such examination while considering case or express opinions as to plaintiff's injuries as result of such examination.

**12. Evidence ⚖➡256—In workman's action for compensation, excluding petitions in two other suits for personal injuries held proper, in view of failure to show present plaintiff had filed them.**

In workman's action for compensation, excluding petitions in suits filed against railway company for personal injuries to show that plaintiff was malingerer and to show character and extent of his injuries was proper, in view of fact that trial court found that it was not shown that present plaintiff had filed such suits, and especially in view of fact that assignment of error relating thereto contradicted proposition of error.

**13. Appeal and error ⚖➡662(3)—Appellant accepting bill of exception as qualified is bound thereby.**

Appellant accepting bill of exception as qualified by trial court is bound by such qualification.

**14. Appeal and error ⚖➡742(1)—Assignment of error cannot be supplied or enlarged by proposition of error.**

Assignment of error cannot be supplied or even enlarged by proposition of error.

**15. Appeal and error ⚖➡1001(1)—Where jury's findings are supported by pleadings and evidence, appellate court should affirm judgment.**

Where jury's findings are supported by pleadings and evidence, appellate court should affirm judgment without regard to what its views on issue may be.

**16. Master and servant ⚖➡418(6)—Jury's finding, based on evidence that loss of left arm constituted total incapacity, held binding on appeal.**

In workman's action for compensation, jury's finding that loss of left arm constituted total incapacity, based on some evidence, *held* binding on appeal, regardless of belief of appellate court.

**17. Appeal and error ⚖➡742(2)—Proposition of error, charging plaintiff's counsel in argument made inflammatory remarks, often in nature of personal testimony, and regardless of record, held multifarious and not entitled to consideration (Rules of Court of Civil Appeals, rule 30).**

In workman's action for compensation, proposition of error that trial court permitted plaintiff's counsel in addressing jury without prop-er reproof or correction to indulge in tirade, often inflammatory, often in nature of personal testimony, and often utterly regardless of record, *held* multifarious, and not entitled to consideration on such account, in view of Rules of Court of Civil Appeals, rule 30.

**18. Appeal and error ⚖➡742(2)—Appellant should specifically set out error complained of and present each error separately and definitely (Rules of Court of Civil Appeals, rule 30).**

Rules of Court of Civil Appeals, rule 30, providing that appellant should state consecutively, separately, subdivided and numbered propositions on which appeal is predicated, which must be germane to one or more of assignments of error, contemplates that appellant shall specifically set out error complained of, and that each error must be separately and definitely presented.

**19. Appeal and error ⚖➡743(1)—Assignments of error and propositions must specifically refer to bill of exception which must set out sufficient circumstances and facts from which appellate court may determine trial court has erred (Rules of Court of Civil Appeals, rule 30).**

Under Rules of Court of Civil Appeals, rule 30, mere reference by proposition of error to assignments of error to which proposition relates is not sufficient, but assignments and propositions must specifically refer to bill of exception, and bill itself must set out sufficient circumstances and facts from which appellate court may determine that trial court has erred.

**20. Appeal and error ⚖➡742(2)—Multifarious proposition of error, referring in general way to assignments of error, and over 30 bills of exception, should be overruled (Rules of Court of Civil Appeals, rule 30).**

In view of Rules of Court of Civil Appeals, rule 30, requiring appellant to state consecutively, separately, subdivided and numbered propositions on which appeal is predicated, and that such propositions shall be germane to one or more assignments of error, multifarious proposition of error that trial court permitted plaintiff's counsel in addressing jury without reproof to indulge in tirade, often inflammatory, often in nature of personal testimony, and often utterly regardless of record, where brief did not definitely point out assignment of error to which bills of exception related, nor did assignments of error refer to any specific bill of exception, will be overruled, in view of fact that passing on it would require examination of more than 30 bills of exceptions and assignments probably relating to such bills.

Appeal from District Court, Dallas County; Claude McCallum, Judge.

Proceeding under the Workmen's Compensation Act by Albert L. Williams, claimant, opposed by Love & Bracewell, employers, and the Standard Accident Company, insurer. Compensation was ordered, but an award of the Industrial Accident Board terminated compensation after a certain date, and the claimant filed a suit, basing his action on an

appeal from the award. From a judgment for the claimant, the insurer appeals. Affirmed.

Touchstone, Wright, Gormley & Price, of Dallas, for appellant.

Marvin B. Simpson, Leo Brewster, and Frank H. Rawlings, all of Fort Worth, for appellee.

HALL, C. J. The appellee, Williams, filed this suit, alleging that his cause of action was an appeal from an award of the Industrial Accident Board in the case of Albert L. Williams, Employee, v. Love & Bracewell, Employers, and the Standard Accident Insurance Company, Insurer. He further alleged that on or about July 6, 1925, while in the employ of Love & Bracewell, as a journeyman painter and paper hanger, earning an average weekly wage of $48 per week, and while he was in the regular course of his employment in Dallas, on or about said date, he, by accidental means, sustained injuries which he describes as a fracture of the left arm in and near the shoulder joint, a destruction of the nervous system of the left arm, hand, and shoulder joint, a fracture of the elbow of the left arm, and bruises, lacerations, and separation of the muscles and ligaments of his back, spine, and kidneys; that, as a result of these injuries, he continuously suffered pain; and had become, and would continue to be, totally and permanently disabled and incapable of performing any duties of a gainful and useful occupation.

He alleges that his employers were subscribers under the Texas Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), at the time of his injuries, and that they were insured under a policy of insurance issued by the appellant. He alleges further that within the prescribed time he notified the Industrial Accident Board of his injuries, etc.; that said board made an order that appellant pay appellee the sum of $20 per week as compensation; that said sum was paid up to and including May 25, 1926, at which time the board, upon application of the appellant, made an award to the effect that the former total incapacity of appellee had terminated, and decreed that, when all compensation was paid up to said date, the appellant should not be under further liability on account of said claim. He alleged that within the time prescribed by law he gave notice to the board and his employers that he would not abide by the last decree and award, and that he would appeal from said award, in accordance with the provisions of the Workmen's Compensation Law.

No question is made upon the sufficiency of the petition, and no additional statement will be made further than to say that, in the alternative, he pleaded that, if it be found that he is mistaken in his allegations to the

4 S.W.(2d)—65

effect that he is totally and permanently disabled, then he alleges that he is permanently, partially disabled.

The case was tried to a jury, resulting in a finding that the appellee was permanently, totally incapacitated, and that the payment of the compensation to him in weekly installments would result in a manifest hardship and injury to him.

The appellee has filed a motion to strike the appellant's bills of exception numbered from 1 to 24 and from 25 to 54, urging numerous grounds, and, in a general way, insisting that said bills are insufficient. Reference to appellant's brief shows that only a few assignments of error are predicated upon these bills. We will therefore, in considering the assignments, discuss the sufficiency of the bills of exception when any assignment based on any such bill is under consideration.

[1] The appellant has grouped the first eight propositions. The practice of grouping propositions, when they relate to the same error, is commendable, but the propositions urged under the second, third, and fourth assignments of error, which are also grouped, relate to widely different matters.

Assignment of error No. 2 is that the court erred in submitting special issue No. 1, in which was submitted the question as to whether or not the plaintiff had sustained total permanent disability, because there was no testimony whatever to justify the submission of said issue.

The assignment of error No. 3 is that the finding of the jury, in response to special issue No. 1, that plaintiff was totally and permanently disabled, was not supported by any testimony whatsoever.

Assignment of error No. 4 is that the court erred in submitting special issue No. 2 because it was multifarious and duplicitous, and combined and confused two separate and distinct questions of fact capable of being answered differently,

[2] The first proposition challenges the action of the court in submitting special issue No. 1, because appellee failed to produce any competent evidence showing, or tending to show, that he had been both totally and permanently incapacitated, within the statutory purview of these terms. This proposition is germane to the second and third assignments of error, but we think there is evidence which tends to show such incapacity, and the court therefore properly submitted special issue No. 1.

[3] The second proposition under these three assignments which appellant has grouped is that it had the statutory right to have the totality of the alleged incapacitation of appellee submitted to the jury separately and distinctly from the issue of the alleged permanency of said incapacity, and having in due season, asserted that right, the action of the trial court in submitting said duplicitous issue was highly prejudicial to appellant. A

sufficient answer to this proposition is that appellant has not, by any assignment of error, attacked special issue No. 1 as being duplicitous. By assignment of error No. 4, appellant attacks special issue No. 2 as being multifarious and duplicitous, but there is no assignment to which our attention has been called which attacks special issue No. 1 for that reason.

[4] In considering propositions urged in the brief, this court is confined to propositions based upon and germane to some assignment of error appearing in the record and brought forward in the brief. Columbian National Fire Insurance Co. v. Dixie Co-op. Mail Order House (Tex. Com. App.) 276 S. W. 219. The proposition that the first special issue is duplicitous must be overruled, because there is no assignment of error in the record attacking that issue upon such ground. San Antonio Machine & Supply Co. v. Allen (Tex. Civ. App.) 279 S. W. 493.

[5] By the third proposition, it is insisted that the appellant had the statutory right to have a concise and correct definition of the term "total incapacity" given to the jury in connection with the submission of issue No. 1, and, having timely objected to the interpolation of the clause, "or reduced to a negligible amount," in the definition submitted, the refusal of the trial court to exorcise said offending clause was highly prejudicial. This proposition is not germane to either of the assignments grouped in the brief, and, according to the authorities just cited, cannot be considered.

[6] The fourth proposition is that, the appellant having a statutory right to have the jury answer the special issues submitted independently of the legal effect of their answers, the trial court wrongfully prejudiced this right by advising the jury, over the protest of appellant, that, if they answered special issue No. 1 affirmatively, they need not answer the following issue. This proposition is certainly not germane to either of the assignments under which it has been briefed, nor is it germane to any other assignment to which we have been referred. It is our opinion, however, that the objection urged should not be sustained. An instruction by the court that, if the jury should answer an issue submitted in a certain way, then they need not answer any subsequent issue or issues, does not inform the jury what the result of their answer will be. It is the uniform practice of the courts to submit issues in this manner, and, in the interest of clarity, and to avoid confusion in having numerous issues, which may prove to be immaterial, answered, we think this proposition, if properly submitted, should be overruled.

We think there was competent evidence before the jury tending to prove that appellee was totally incapacitated by his alleged injury, and the court did not err in submitting the issue of total incapacity.

The act of the court in submitting such issue is attacked upon the ground that it violates sections 13 and 19 of the Bill of Rights. These sections of the Constitution have no application whatever to the error complained of here. The fifth proposition is therefore overruled.

[7] The sixth proposition is, in effect, that the appellant had the statutory right to have the issue of total incapacity and permanent incapacity submitted to the jury separately, and that the action of the trial court in submitting special issue No. 1, over the timely objection of appellant that it was duplicitous and deprived it of its statutory right in the premises, also denied appellant his rights under sections 13 and 19 of the Bill of Rights. The trouble with this proposition is that it is not based upon any assignment of error attacking special issue No. 1 as being duplicitous.

[8] The failure of the court to eliminate from the definition of total incapacity the words, "or reduced to a negligible amount," does not violate the due process of law provisions of the Constitution, nor does the action of the court in advising the jury that, if they answered special issue No. 1 affirmatively, they need not answer No. 2, violate said sections.

[9] Appellant has grouped its ninth, tenth, and eleventh propositions, based upon the eighth assignment of error. The assignment is that the court erred in permitting the appellee to testify that in his opinion he would be unable to work in the future, said testimony being objected to by the defendant at the time, on the grounds that it was a conclusion of the witness, and that he was not qualified to give this character of testimony. The propositions are germane to this assignment, and, in fact, they state more clearly than the assignment the facts reflected by the bill of exception.

The testimony of the plaintiff was that he had earned practically nothing at all, because he had not been able to do anything. The objection was that such statements were conclusions of the witness, matters of opinion, and subject for expert testimony. In another bill of exception, the question was asked the witness, "Are you physically able to do any sort of labor?" The same objection was urged to this question, and overruled. We think this contention is without merit. The witness' answers to the questions were simply statements of fact. The injuries to his left arm, hand, shoulder, and back had been shown by competent testimony. It was further shown that it resulted in the loss of the use of his left arm, and that, by reason of the injuries, he constantly suffered pain to such an extent that he had been under the constant care and at-

tention of a physician for about two years, and that the physician still had to administer medicine to enable him to sleep. There is further testimony to the effect that he had been prevented from performing the usual tasks of a laborer to such an extent that he could not secure and retain employment, and there is further testimony to the effect that his condition had not improved in about two years, and might never improve. If his opinion was based upon these facts, it was clearly admissible, but, aside from this, we think the court did not err in admitting it, because, as stated, it was not a conclusion, nor an opinion, nor a matter for expert testimony. He knew his condition better than anyone else, and should have been permitted to state such condition as a fact. Employers' Liability Assurance Corporation v. Williams (Tex. Civ. App.) 293 S. W. 210; Texas & P. Ry. Co. v. Rasmussen (Tex. Civ. App.) 181 S. W. 212; Patterson v. Springfield Traction Co., 178 Mo. App. 250, 163 S. W. 955; Weatherford M. W. & N. W. Ry. v. White, 55 Tex. Civ. App. 32, 118 S. W. 799; Galveston, H. & S. A. Ry. v. Holyfield (Tex. Civ. App.) 91 S. W. 353; St. Louis S. W. Ry. v. McDowell (Tex. Civ. App.) 73 S. W. 974.

[10, 11] By the twelfth and thirteenth propositions, the appellant complains of the court's action in permitting two members of the jury to make "a personal physical examination" of plaintiff's left arm. We are not apprised by the record what the extent of this examination was nor what effect, if any, the examination had upon the verdict of the jury. Examination of injuries is a matter which is permitted in personal injury cases in this state. Davis, Agent, v. Christmas (Tex. Civ. App.) 248 S. W. 126; Texas Traction Co. v. Scoggins (Tex. Civ. App.) 175 S. W. 1128, and authorities cited.

There is a qualification to the bill of exception taken in connection with this incident in which the trial court says that one of the jurors requested that he be permitted to examine plaintiff's arm, and counsel for plaintiff stated that plaintiff had no objection; that the court permitted said jurors to examine plaintiff's arm, but specifically instructed all the jurors not to discuss or allude to said examination in any manner while considering the case, or express their opinions as to what they thought about plaintiff's injuries, as a result of the examination. Even if it be admitted that the court erred in permitting the jurors to make the examination, no injury is shown.

The fourteenth proposition, grouped with the twelfth and thirteenth, complains of inflammatory and intemperate argument alleged to have been made by Mr. Marvin Simpson, attorney for the plaintiff, in the concluding argument to the jury. There is no assignment of error specifically pointed out in the brief upon which to base this proposition, and it will therefore not be considered.

There are thirteen assignments of error complaining of that many different arguments made by Mr. Simpson, but neither of them point out the bill of exception upon which it is predicated.

[12] The next contention of appellant is that, because the appellee admitted that he had gone under the name of Albert S. Williams at a certain time, petitions in two suits filed against a railway company, claiming damages for personal injuries, were admissible upon the issue of permanent, total incapacity, and that the action of the court in excluding the petitions in said suits constitutes reversible error. The assignment of error upon which these propositions are based is as follows:

"The trial court erred in refusing to sustain the objection of the defendant to the testimony preserved in defendant's bill of exception No. 22, and for the reasons therein stated."

[13] It will be seen that this assignment contradicts the proposition. If the court did not sustain the objection to the admission of the testimony, then a proposition complaining of his refusal to permit its introduction is not supported by the assignment. The proposition must be overruled for the further reason that the court's qualification to the bill of exception states that it was not shown that Williams had filed any such suits as are set out in the bill of exception, and that the court was of the opinion that since the district clerk did not, and could not, identify the plaintiff as being the plaintiff in said two suits, and since the suits related to entirely different matters to those involved in the suit upon trial, and since no positive proof was offered that Williams was the plaintiff in either of said suits, the testimony was irrelevant to any issue in this case. Appellant insists in its brief that the petitions in these cases were admissible upon the issue that appellee was a malingerer and upon the character and extent of his injuries. The courts have decided otherwise. Fort Worth Belt Ry. Co. v. Cabell (Tex. Civ. App.) 161 S. W. 1083. In any event, the appellant having accepted the bill of exception as qualified by the court, it is bound by the qualification.

Under the sixteenth proposition, appellant again raises the issue that the court erred in submitting special issue No. 1, because there was no competent evidence to support it. This question will not be discussed again.

By the seventeenth proposition, it is insisted that the appellee failed to establish the allegation that the "nervous system of his left arm, hand, and shoulder joint had been destroyed," by a preponderance of competent and credible evidence, and therefore the court erred in submitting special issue No. 1. As we have hereinbefore stated, there is no

assignment of error upon which these propositions can be properly predicated.

[14-16] An assignment of error cannot be supplied nor even enlarged by a proposition. It is held in Employers' Liability Assurance Corporation, Ltd., v. Williams (Tex. Civ. App.) 293 S. W. 210, that the term "total incapacity to work," as used in the Workmen's Compensation Act, does not imply an absolute disability to perform any kind of labor, but that a person disqualified from performing the usual tasks of a workman, in such a way as to enable him to procure and retain employment, is ordinarily regarded as totally incapacitated. There is evidence tending to support the jury's finding, when the issue of total incapacity is viewed in the light of this holding, and the rule is that, when the jury's findings are supported by pleadings and evidence, this court should affirm the judgment without regard to what our views upon the issue may be. In Hagins v. Wilson (Tex. Civ. App.) 262 S. W. 770, a majority of this court believing that, when one-half of a water course is obstructed by a dam, it would result in increasing the flow of flood water over the unobstructed half, refused to affirm a judgment based upon a jury's finding that such was not the fact. The Supreme Court, in the same case (295 S. W. 922) said that such finding was conclusive, and that the judgment should have been affirmed. Although this court may believe that the loss of one arm does not constitute total incapacity, the jury, upon some evidence, has found that it did, and we therefore are not authorized to hold otherwise.

[17] The eighteenth proposition is:

"The trial court, as revealed by appellant's various bills of exception in point, having permitted counsel for appellee, in his address before the jury, without proper reproof or correction, to indulge in a tirade, often inflammatory, often in the nature of personal testimony, and often, if not always, utterly reckless of the record, appellant was denied a fair and impartial trial."

This proposition is multifarious, and is clearly not entitled to consideration on that account. Chicago, Rock Island & Gulf Ry. v. Ruston (Tex. Civ. App.) 248 S. W. 143; Marshburn v. Stewart (Tex. Civ. App.) 295 S. W. 679; Mt. Franklin Lime Co. v. May (Tex. Civ. App.) 150 S. W. 756; Grego v. Schneider (Tex. Civ. App.) 154 S. W. 361; Talbot & Son v. Martindale (Tex. Civ. App.) 211 S. W. 302; Gulf, C. & S. F. Ry. v. Brown, 16 Tex. Civ. App. 93, 40 S. W. 608.

In the statement and argument under this proposition appellant says:

"This proposition is based on various assignments urged in appellant's motion for a new trial, and also additional assignments duly filed. It is also based on appellant's bills of exception Nos. 21 to 51, inclusive. The number of these exceptions inhibit their transcription in full. Therefore we would specify only a few of them."

In the statement and argument part of the brief, bills of exception Nos. 26, 27, 28, 30, 32, 35, 43, and 45 are briefly referred to, but the statement nowhere points out any assignment of error to which either of the bills of exception relates, nor, as stated above, do any of the assignments of error, complaining of improper arguments made by Mr. Simpson, refer to any specific bill of exception.

[18] It is possible that we might, if we had the time and were disposed to enter into a critical examination of the motion for a new trial, the various bills of exception, and the assignments of error in the brief, finally determine the merits of appellant's contention with reference to each of these bills, but the rules do not require us to do so, and the work of this court will not permit us to undertake such a duty with reference to one case.

Rule 30 provides that the appellant shall state consecutively, separately, subdivided and numbered, the propositions upon which the appeal is predicated, and that these propositions shall be germane to one or more of the assignments of error. This rule contemplates that the appellant shall specifically set out the error complained of, and that each error must be separately and definitely presented. The appellee's brief asserts that nearly all of the alleged improper arguments made by Mr. Simpson were retaliatory, and reference to some of the bills of exception shows that the arguments complained of were proper, and that, in the bills of exception to other arguments, the court has, by his qualification of said bills, deprived them of any merit.

[19] Mere reference to assignments to which a proposition relates is not sufficient. The assignment and the proposition must specifically refer to a bill of exception, and the bill itself must set out sufficient circumstances and facts from which this court may determine that the trial court has erred. Wright v. Maddox (Tex. Civ. App.) 286 S. W. 607; Hunsaker v. Abbott (Tex. Civ. App.) 286 S. W. 610.

[20] We are not required to examine more than 30 bills of exception and the assignments which probably relate to such bills, but do not refer to them specifically, in order to determine whether a multifarious proposition, referring in a general way to such assignments and bills of exception, presents reversible error. It was the duty of the appellant to do this, and, having failed to do so, this proposition is overruled.

No reversible error has been pointed out, and the judgment is therefore affirmed.