**TEXAS & N. O. R. CO. v. STONECIPHER.**

No. 12287.

Court of Civil Appeals of Texas. Dallas.

Jan. 8, 1938.

Rehearing Denied Jan. 29, 1938.

Baker, Botts, Andrews & Wharton, of Houston, and Head, Dillard, Maxey-Freeman & McReynolds, of Sherman, for appellant.

Webb & Webb, of Sherman, for appellee.

YOUNG, Justice.

Appellant's statement of the nature and result of this suit in the court below is not objected to, and will be quoted here in material part:

"This suit was filed in the District Court of Grayson County, Texas, Fifteenth Judicial District, by appellee, W. A. Stonecipher, against appellant, Texas & New Orleans Railroad Company, to recover damages for injuries alleged to have been sustained by appellee.

"For cause of action appellee alleged, in substance that, on about the 9th day of December 1934, he was driving an automobile along a public highway, which extended across the right-of-way and roadbed of appellant, and that at said public crossing there was a collision between the automobile he was driving, and a motor passenger train of the appellant, which resulted in serious and permanent injuries to him, and that his injuries were proximately caused by the negligence of appellant in (a) failing to sound any whistle, bell, or other warning; (b) failure to sound sufficient warning; (c) failure to slow down the train; (d) failure to avoid the collision by the use of all means at the command of appellant's employes; (e) running the train at an unlawful rate of speed; (f) failure to have any headlight burning on the train.

"Appellant answered by general denial and special pleas of contributory negligence on the part of appellee in (a) failing to look or listen for the train; (b) failing to keep a reasonable lookout for the train; (c) driving the automobile at such a high rate of speed as that he couldn't stop same or slacken his speed sufficiently to avoid running into the train; (d) failing to stop the automobile, or slacken the speed thereof; and (e) running the automobile into and against the train when same was passing over the crossing.

"Trial was had with a jury, which, in response to special issues submitted, found negligence that was a proximate cause of plaintiff's injuries in (a) failure of employes to sound the whistle; (b) failure of the operator of the train to have the bell ringing as it approached the crossing; (c) failure to have headlight burning; and (d) the rate of speed at which the train was operated. And further found

that appellee (a) did not fail to listen; (b) did not fail to look; (c) did not fail to keep a reasonable lookout; and (d) was not guilty of neglegnce in running the automobile at the rate of speed he was running same"; that he did not fail to slacken the speed of his car prior to the collision; assessing damages at $500 for personal injuries and $100 for automobile damages.

Upon judgment for appellee for $600, appellant has perfected this appeal, its first assignment complaining of the refusal of the trial court to give peremptory instruction in its favor.

On authority of Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S.W. 136, and cases there cited, we overrule this assignment. In considering the sufficiency of such an instruction, the appellate court is required to consider all the testimony in the light most favorable to the party obtaining the verdict. Aside from other questions raised by appellant in said assignment, which we do not discuss in view of our action on the next assignment, we briefly point out certain physical facts which were sharply in dispute. There was testimony to the effect that it was daylight and clear at the time of the collision; on the other hand, that the day was cloudy and almost dark, past sundown. A disinterested witness, Mrs. Worsham, testified that "It was just getting dark." There was a curve in the track just north of the crossing in question; appellee testifying that the visibility was such at the time "You could not see a person one hundred yards."

"The circumstance that the collision occurred at night or at dusk is regarded as a factor in reaching the conclusion that the victim was excusably ignorant of the approach of the train, thus making a case for the jury." 35 Tex.Jur. 525, Railroads, § 347, citing International & G. N. R. Co. v. Quinones, Tex.Civ.App., 81 S.W. 757, writ refused. See, also, the Kirksey Case, supra; 32 Texas Digest, Complete, Railroads, subd. 26.

The second assignment complains of the trial court's refusal to give the following requested special issues:

"Question No. 14: Do you find from a preponderance of the evidence that in failing to stop his automobile before it reached the crossing the plaintiff was guilty of negligence as this term has been defined to you in the main charge of the court?

"Question No. 15: Do you find from a preponderance of the evidence that such negligence on the part of the plaintiff, if any, was a proximate cause of the injuries, if any, sustained by plaintiff."

Negligence, as referred to in the first issue just quoted, was defined in the court's main charge as "the doing of that which an ordinarily prudent person would not have done under the same or similar circumstances, or the failure to do that which such person would have done under like circumstances." The pleadings of the defendant below on the above issues were, "that plaintiff saw the train in time to have stopped his automobile, or slackened the speed thereof and thereby have avoided running into the train, but he negligently failed to stop, and negligently failed to slacken the speed of the automobile, and negligently ran the automobile into and against the train when it was on and passing over the crossing."

We think that said specially requested issue No. 14, reading into it the court's definition of negligence, was undoubtedly referable to the acts and conduct of appellee under the circumstances of the approaching train, when plaintiff, as he testified, was within 20 or 30 feet of the crossing. Otherwise (as the trial court must have conceived), same was but an evidentiary issue and entirely immaterial. The failure of an automobile driver to stop before reaching a crossing is not in itself negligence as a matter of law. Particular features, as an approaching train for example, are necessary to make this issue a material one. What were the circumstances under which the inquiry was made as to whether plaintiff exercised ordinary care to stop his automobile before he reached the crossing? Obviously, if at no other time, from the standpoint of both plaintiff and defendant, it was when plaintiff was "from 20 or 30 feet from the crossing," and defendant's train was from 40 to 60 feet therefrom. Under such circumstances, plaintiff testified that he at once threw on his brakes, which were in good condition, and attempted to turn around, but with his best efforts he was "sideswiped" by the train. This crossing was on an elevation or upgrade, as appellee approached along the highway. . We quote from appellee's own testimony on cross-examination:

"Q. * * * now that track was on a fill or a dump, wasn't it? A. Yes, sir, it was on a fill or dump either one.

"Q. It was upgrade from where you were, from where you left the highway along there clear on up to the crossing, wasn't it? A. It was, yes, sir, when you get within ten or fifteen feet of it, it is right straight up.

"Q. Within ten or fifteen feet it is right straight up? A. Yes, sir.

"Q. You mean that track is on a fill, and then you go up a hill to the track? A. Yes, to get on the track you do.

"Q. Well now your idea is that the elevation of the hill, is about fifteen or twenty feet? A. Well, I would say ten or fifteen feet, somewhere along there, built up high you know."

Appellee offered testimony that an automobile under similar conditions and distances could have been stopped within six or eight feet, thus avoiding contact with the train. An issue of negligence vel non was therefore raised as to the failure of plaintiff to stop his automobile prior to its reaching this crossing that defendant's train was in the act of reaching and occupying, with consequent disastrous results. But appellee argues that: "It is clear that, if appellee did not fail to listen for the approach of the train, did not fail to look for the approach of the train, kept a reasonable lookout as he approached the crossing, and he was not negligent in driving his automobile at the rate of speed at which he was driving same as he approached the crossing, and did not fail to slacken the speed of said automobile, which the jury found to be the facts, then the proposed special requested issues 14 and 15 become immaterial, and it was not error to refuse to give them. * * *" We do not think so. Appellee could have exercised due care in all of the respects above narrated, which the jury found that he did, and yet have been negligent as to timely control of his car, or use of his brakes, with proximately resulting damages. This assignment is sustained.

■ Appellant's twelfth ground of error is as to the giving of several instructions in the charge, of which the following is typical: "If you have answered question number one 'No', you need not answer questions numbers two and three; on the other hand, if you have answered question number one 'Yes', you will then answer question number two". Such language in the court's charge always followed a particular issue of fact and as a predicate to certain correlated issues. We be-

lieve such form to be entirely permissible. As was said in Ineeda Laundry Co. v. Newton, Tex.Civ.App., 33 S.W.2d 208, 212, "This form and manner of submitting a series of questions has been approved by the courts so many times that its propriety is now beyond question. Standard Acc. Ins. Co. v. Williams (Tex.Civ.App.) 4 S.W. 2d 1023; Id., (Tex.Com.App.) 14 S.W.2d 1015." In the cases cited by appellant, the instructions were not of the character above quoted, but were quite different in form and effect. They were properly held to be tantamount to a general charge in each instance, and otherwise objectionable. We overrule this assignment.

Our conclusions above stated as to appellant's second assignment of error requires a reversal and remanding of this cause.

Reversed and remanded.